UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KENNETH D. THOMAS # 262443, | ) | |
| | ) | |
| Petitioner, | ) | No. 3:25-cv-00891 |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN KENNETH NELSEN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Kenneth D. Thomas, an inmate of the Riverbend Maximum Security Institution in Nashville, Tennessee, filed an Emergency Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 with Request for Immediate Release on Bond. (Doc. No. 1). Therein, Petitioner challenges his conviction and sentence in the Davidson County Criminal Court for the murder of Andrew Lewis Titus during the perpetration of a robbery. Petitioner paid the filing fee. (Doc. No. 8).

### I. MOTIONS

Petitioner has filed a Motion to Correct Clerical Error (Doc. No. 3) and an Emergency Motion for Release on Bond Pending Resolution of Habeas Corpus Petition. (Doc. No. 4).

A. Motion to Correct Clerical Error

In his Motion to Correct Clerical Error, Petitioner asks the Court "to be aware that on page 16 in the original petition—in the footnote at #18—the petition to the Tennessee Supreme Court is listed in the Appendix at 'M.' However, this is a misprint; the Tennessee Supreme Court petition should be noted in the Appendix at 'N'—of which is attached now to this motion." (Doc. No. 3 at 1). Petitioner's correction is noted, and the motion (Doc. No. 3) is **GRANTED**.

1

B. <u>Emergency Motion for Release on Bond Pending Resolution of Habeas Corpus Petition</u>

In his Emergency Motion for Release on Bond Pending Resolution of Habeas Corpus Petition (Doc. No. 4), Petitioner asks to be released on bond pending the Court's decision on his petition for the writ of habeas corpus pursuant to 28 U.S.C § 2254. He contends that he presents a strong showing of actual innocence, extraordinary circumstances that warrant emergency relief, and Petitioner is not a danger to the community or a flight risk.

A federal district court has "inherent authority" to grant bond to a habeas petitioner while his petition is under review. <u>Nash v. Eberlin</u>, 437 F.3d 519, 526, n.10 (6th Cir. 2006). But that authority is narrow. "Since a habeas petitioner is appealing a presumptively valid state court conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." <u>Lee v. Jabe</u>, 989 F.2d 869, 871 (6th Cir. 1993). Before and during trial, the accused enjoys a presumption of innocence, and bail is normally granted. <u>Glynn v. Donnelly</u>, 470 F.2d 95, 98 (1st Cir. 1972). However, the presumption fades upon conviction, with the State acquiring a substantial interest in executing its judgment. <u>Id.</u> This combination of factors dictates a "formidable barrier" for prisoners seeking interim release while they pursue their collateral remedies. <u>Id.</u>

"In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" <u>Dotson v. Clark</u>, 900 F.2d 77, 79 (6th Cir. 1990) (quoting <u>Aronson v. May</u>, 85 S. Ct. 3, 5 (1964) (Douglas, J., in chambers)). Even where the Court concludes that a petition raises a substantial question of law, "[m]erely to find that there is a substantial question is

2

far from enough." Lee, 989 F.2d at 871 (quoting Glynn, 470 F.2d 95, 98). Courts in our Circuit have limited exceptional circumstances warranting release during review "to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, or (3) possibly where there was an extraordinary delay in processing the habeas petition." Gideon v. Trent, No. 3:21 CV 2087, 2021 WL 6031492, at *3 (N.D. Ohio Dec. 21, 2021) (quoting Blocksom v. Klee, No. 11-cv-14859, 2015 WL 300261, at *4 (E.D. Mich. Jan. 22, 2015)). "This much is clear: federal courts very rarely find 'exceptional circumstances' and very rarely release petitioners before ruling on the merits of their claims." Blocksom, 2015 WL 300261, at *4.

The Court is mindful that Petitioner has been convicted of a serious crime (felony murder) and is serving a lengthy sentence (life). He is now attacking his conviction in a collateral proceeding. As such, to receive bail pending a decision on the merits, Petitioner must be able to show "a substantial claim of law based on the facts surrounding the petition" and the existence of exceptional circumstances making Petitioner's motion "'deserving of special treatment in the interests of justice.'" Dotson, 900 F.2d 77, 79 (quoting Aronson, 85 S. Ct. 3, 5).

Petitioner bases his request on Ground 3 of his petition (Doc. No. 1 at 20) in which he asserts actual innocence. Specifically, in Ground 3, Petitioner alleges that prosecution witness Paul Eugene "Talley's sworn recantation, coupled with the original April 14, 1999 interview tape and total lack of forensic evidence, satisfies the Schlup v. Delo, 513 U.S. 298 (1995), standard for gateway actual innocence as Petitioner presents compelling new evidence of actual innocence that was not available at trial or during prior post-conviction proceedings." (Id.) This is the same or similar claim that Petitioner raised in his 2013 petition for writ of error coram nobis in state court, see Thomas v. State, No. M2014-00884-CCA-R3-ECN, 2015 WL 1568235, at *1-2 (Tenn. Crim.

App. Apr. 1, 2015), perm. app denied (Tenn. July 21, 2015), cert. denied, 136 S. Ct. 255 (2015),[1] and in his 2016 Section 2244(b) motion, in which the Sixth Circuit did not authorize Petitioner to pursue a second or successive habeas corpus petition.[2]

Given that the Sixth Circuit already has determined that (1) Talley's affidavit does not establish that, but for constitutional error, no reasonable factfinder would have found Thomas guilty and (2) regardless of Talley's changed testimony, there existed ample evidence for the jury to conclude that Petitioner was guilty of the crime charged, either personally or by criminal responsibility for the conduct of another, the Court finds that Ground 3 does not present "a substantial claim of law based on the facts surrounding the petition." Dotson, 900 F.2d 77, 79 (quoting Aronson, 85 S. Ct. 3, 5).

---

[1] After conducting a hearing where Talley testified, the coram nobis court denied the motion on the ground that Talley was not credible and that his testimony would not have changed the outcome of the trial. Id. at *2-3. The Court also noted that Talley's prior trial testimony had been consistent with his statements to police and that Talley recanted his testimony only after he had served his other sentence and parole term. Id. at *3. Furthermore, there was no evidence of a plea agreement, and other witnesses at trial had corroborated the testimony of the co-defendants and placed Thomas and Talley together before the murder. Id. The Tennessee Court of Criminal Appeals affirmed the lower court, holding that it had correctly applied the three-prong test for recanted testimony set forth in State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). Id. at *4.

[2] In so holding, the Sixth Circuit found that Talley's affidavit, which was not executed until more than nine years after Thomas's trial, did not establish that but for constitutional error, no reasonable factfinder would have found Thomas guilty. In re: Kenneth Thomas, No. 16-5034 (Doc. No. 9-1 at 2-3). Moreover, the Court explained, Talley's delay in proffering the affidavit and his failure to do so until he was out of prison and off parole brought the reliability of his affidavit into question. (Id. at 3) (citing Schlup v. Delo, 513 U.S. 298, 332 (1995) (noting that a court may consider "the timing of the submission and the likely credibility of the affiants" when deciding whether to conduct an evidentiary hearing in a successive habeas proceeding); Brooks v. Tennessee, 626 F.3d 878, 897 (6th Cir. 2010) (observing that "this court views with great suspicion the recantation testimony of trial witnesses in postconviction proceedings")). Furthermore, the Court noted that, regardless of Talley's changed testimony, "it appears as though there existed ample evidence for the jury to conclude that the Petitioner was guilty of the crime charged, either personally or by criminal responsibility for the conduct of another." (Id.) (quoting Thomas, 2015 WL 1568235, at *3). The Court pointed to testimony by another eyewitness and co-defendant, Torrey Glenn, who testified that Thomas shot the victim. (Id.) Ultimately, the Sixth Circuit held that Thomas's claim did not satisfy the standard set forth in Section 2244(b)(2)(B).

4

In any event, Petitioner has not established the existence of a circumstance making his motion for release pending review of his habeas petition exceptional and "'deserving of special treatment in the interests of justice.'" Id. Petitioner asserts that "irreparable harm will continue to be done to Petitioner due to the serious and grave constitutional violations discussed above and further below . . . ." (Doc. No. 1 at 3). He also asserts that he has consistently maintained his innocence "and, in desperation, once petitioned the Tennessee and United States Supreme Courts—and even this very Court—to be euthanized rather than spend the rest of his life wrongfully incarcerated." (Doc. No. 4 at 3). He states that he has "community and media support"; no history of escape or violence while incarcerated; and certificates and certified hours in violence reduction, anger management, mediation and conflict transformation. (Id. at 4). He urges that "[r]elease under supervision or home confinement would adequately protect the public and allow Petitioner to assist possible counsel in fully litigating this case and further proving Petitioner's innocence." (Id.)

Petitioner does not assert he is gravely ill, he was not convicted of a minor crime, and there are no allegations of extraordinary delay in processing his habeas petition. Thus, Petitioner's claim of exceptional circumstances does not fit into any of the three categories referenced in Blocksom. Nor are his circumstances "exceptional" in any other respect. "'The habeas petitioner, who is incarcerated under a presumptively valid criminal conviction, is on a much weaker footing than a pretrial accused or even a convicted defendant waiting appeal.'" Farr v. Michigan Court of Appeals, No. 1:25-cv-263, 2025 WL 1134633, at * 2 (W.D. Mich. Apr. 17, 2025) (quoting Ostrer v. United States, 584 F.2d 594, 599 (2d Cir. 1978)); see Ciavone v. Mackie, No. 2:11-CV-14641, 2014 WL 12705143, at *1 (E.D. Mich. May 16, 2014) (quoting Lee v. Jabe, 989 F.2d 869, 871 (6th Cir. 1993) ("Because a habeas petitioner 'is appealing a presumptively valid state conviction . . .

it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case.'")). Here, Petitioner already has received a ruling on the claims raised in a federal habeas petition and on his efforts to pursue a second or successive petition. Thus, he is on weaker footing than the typical habeas petitioner in pursuing such pre-decision release.

The Court finds that Petitioner has not established an extraordinary circumstance that justifies pre-decision release. The Emergency Motion for Release on Bond Pending Resolution of Habeas Corpus Petition (Doc. No. 4) is **DENIED**.

## II. SECOND OR SUCCESSIVE HABEAS PETITION

Petitioner has attacked the constitutionality of his conviction and confinement in a prior Section 2254 habeas corpus action. He filed a federal petition for writ of habeas corpus on March 17, 2008. Kenneth Thomas v. Kevin Genovese, No. 3:08-cv-274 (M.D. Tenn.) (Trauger, J.). Ultimately, the Court granted the Respondent's motion to dismiss and dismissed the habeas petition with prejudice. (Id., Doc. No. 52). In 2010, the Sixth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (Id., Doc. No. 57).

Petitioner subsequently moved for an order authorizing the district court to consider a second or successive habeas corpus petition. (Id., Doc. No. 60). In denying his motion for an order authorizing the district court to consider a second or successive habeas corpus petition, the Sixth Circuit found that Petitioner's actual innocence claim did not satisfy the standard set forth in 28 U.S.C. § 2244(b)(2)(B) and that Petitioner did not advance a claim that relied on a previously unavailable rule of constitutional law pursuant to 28 U.S.C. § 2244(b)(2)(A). (Id.)

On February 27, 2017, Petitioner filed a third petition for writ of habeas corpus (id., Doc. No. 64) in which he asked the Court to authorize a successive petition. (Id., Doc. No. 64 at 3). The

Court transferred the petition to the Sixth Circuit for further consideration. (Id., Doc. No. 66). That petition is still pending before the Sixth Circuit.

On July 21, 2025, Petitioner filed the instant action. (Doc. No. 1). The petition raises the same or similar claims raised in the pending motion for second or successive authorization. Before a second or successive petition for a writ of habeas corpus may be adjudicated in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). To this Court's knowledge, Petitioner has not sought or obtained authorization from the Sixth Circuit Court of Appeals for this Court to consider the instant petition. Accordingly, the Clerk shall **TRANSFER** this petition (Doc. No. 1) to the Sixth Circuit Court of Appeals for further consideration. 28 U.S.C. § 1631; In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

The Clerk is **DIRECTED** to provide a copy of this Order to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE